**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI TUCKER and MEGAN DRISCOLL, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASHLEY GLOBAL RETAIL, LLC,<br><br>Defendant. | Case No. 4:26-cv-03518<br><br>ERRATA – EXHIBITS A & B TO COMPLAINT |

**PLEASE TAKE NOTICE** that Plaintiffs inadvertently failed to attached Exhibits A & B to their Complaint (ECF 1). They are attached hereto and filed herewith.

Dated: May 11, 2026

**GUTRIDE SAFIER LLP**

*/s/Seth A. Safier/s/*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

# EXHIBIT A

**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Claimant*

AMERICAN ARBITRATION ASSOCIATION

SAN FRANCISCO REGIONAL OFFICE

| | |
|---|---|
| MEGAN DRISCOLL,<br><br>Claimant,<br><br>v.<br><br>ASHLEY GLOBAL RETAIL, LLC d/b/a ASHLEY FURNITURE,<br><br>Respondent. | Case No.<br><br>COMPLAINT AND DEMAND FOR ARBITRATION |

Claimant Megan Driscoll ("Claimant") brings this action against Ashley Global Retail, LLC d/b/a Ashley Furniture ("Respondent" or "Ashley Furniture"). Claimant's allegations against Ashley Furniture are based upon information and belief and upon investigation of Claimant's counsel, except for allegations specifically pertaining to Claimant, which are based upon Claimant's personal knowledge. Claimant files this Complaint and Arbitration Demand without waiver of any right or argument, specifically, and without limitation, that she did not assent to Ashley Furniture's website's Terms of Use, including the arbitration agreement and dispute resolution process contained therein, and/or that the purported arbitration agreement is unlawful and/or unenforceable.

## INTRODUCTION

1. This Complaint and Arbitration Demand concerns one issue: whether a valid and enforceable arbitration agreement was formed between the parties to cover a separate dispute about Respondent's internet cookie practices that is not part of this Complaint nor at issue in this

proceeding. For purposes of context, that underlying dispute relates to Claimant's visit to Respondent's website (www.ashleyfurniture.com, the "Website"), where despite Claimant's agreement with Respondent that it would not place tracking cookies on her device, Respondent proceeded to do so anyway. As is relevant to the instant dispute, the Website also contains Terms of Use ("TOU" or "Terms") that incorporates a "Dispute Resolution Process" ("DPR") that purports to require "any and all claims relating in any way …. to the use of our Ashley.com website" to be resolved by binding arbitration. Claimant contends that no agreement to arbitrate was ever formed. Respondent contends that the arbitration provision in the TOU is applicable to the underlying dispute and refused to provide consent to litigate the underlying dispute in federal court. Accordingly, she filed this arbitration demand to seek a declaration from the arbitrator that her underlying cookie dispute with Respondent is not subject to arbitration.

2. The Website's TOU are available on the Website but accessible only via an inconspicuous link displayed in small font at the bottom of the Website after all the main content. Moreover, Respondent does not require Website users to read or agree to the Terms before browsing the Website.

3. When Claimant visited the Website, she did not see or otherwise assent to the TOU before choosing to "Configure" cookies and browse the website. Accordingly, Claimant made no agreement to arbitrate her underlying cookie dispute.

## BACKGROUND ON THE UNDERLYING COOKIE DISPUTE

4. This underlying dispute in this matter concerns an egregious privacy violation and total breach of consumer trust in blatant violation of California law. The Website is configured to use a multitude of cookies to enable third parties to track users' activity and communications on the Website.

5. However, at least until placed on notice by Claimant,[1] the Website presented all visitors immediately with a cookie pop-up banner indicating that, rather than accepting all cookies, users can click the button to manage their cookie preferences.

[1] On or about May 23, 2025, Claimant notified Respondent of its ongoing invasions of privacy and alleged violations of law, as described herein, as required under California's Consumers




(Screenshot of Ashley Furniture's Website cookie popup banner.)

6. Users who selected the "Configure" button were directed to a "Privacy Preference Center" window, where Respondent represented that users could click a "Reject All" button. Clicking this button indicates the users' choice/agreement to reject all Functional Cookies, Quantum Metric Recordings, Performance Cookies, and Targeting Cookies. The only cookies users could not reject were the "Strictly Necessary Cookies." Thousands of visitors to the Website, including Claimant, did just that—they selected the "Configure" button, clicked the "Reject All" button to indicate their choice/agreement to reject all cookies, inclusive of those that enable the sale and sharing of their personal data, and then proceeded to browse the Website.

7. Unbeknownst to Claimant and other users, however, Respondent nonetheless caused cookies—both from Respondent and third parties with notorious privacy records, including Meta Platforms, Inc. (Facebook), Alphabet Inc. (Google and DoubleClick), Microsoft Corporation (Clarity), Snap Inc. (Snapchat), ByteDance Ltd. (TikTok), among others—to be stored on the devices and browsers of Claimant and those similarly situated despite their rejections of all cookies. As a result, Respondent caused the sharing, and ultimately the sale, of broad swaths of personal data about Claimant, and similar users, to undisclosed third parties, contrary to Respondent's representations and Claimant's express directions. Respondent brings this arbitration solely to establish that the separate cookie dispute is not arbitrable.

## PARTIES

8. Claimant Megan Driscoll, and was at all relevant times, an individual and resident of California. Claimant intends to remain in California and makes her permanent home there.

9. Respondent Ashley Global Retail, LLC d/b/a Ashley Furniture is a Florida corporation with its headquarters and principal place of business in Tampa, Florida.

---

Legal Remedies Act, Cal. Civil Code §§ 1750 *et seq*., and Consumer Privacy Rights Act, Cal. Bus. & Prof. Code §§ 1798, *et seq*.

## SUBSTANTIVE ALLEGATIONS

### A. Respondent's Unenforceable Browsewrap Agreement.

10. Respondent's Website includes a TOU that purports to govern the use of the Website. *See* TOU ("These Terms of Use apply to this website and related mobile services."). It is located at the following address: www.ashleyfurniture.com/terms-of-use.

11. Page 4, paragraph 3 of the TOU purports to require Website users to arbitrate all disputes with Respondent in the American Arbitration Association. *See* Appendix A, TOU p. 4, ¶ 3 ("Except for small claims actions, which may be brought by either you or us, you agree to binding individual arbitration before the American Arbitration Association, which shall be governed by the Federal Arbitration Act. You agree that you are giving up your right to a jury trial, and that any dispute resolution proceedings will be conducted on an individual basis and not as a class or representative basis.") Likewise, the DRP purports to apply to all claims. *See* Appendix B ("This Dispute Resolution Process governs any and all claims relating in any way to your purchase of any products or services sold or distributed by us, your interactions at our retail stores, the use of our Ashley.com website and our mobile apps, our Terms of Use, and our privacy policy and practices (each a "Claim" and collectively, the "Claims").)

12. Claimant, however, did not assent to the TOU or the arbitration provision contained therein. An internet contract is valid only if the user takes some action to unambiguously manifest assent to the contract after the website has placed the user on actual notice of the terms of that contract or has put a reasonably prudent user on inquiry notice of those terms. Claimant never saw the TOU, or even the hyperlink to "Terms of Use," and thus had no actual notice that her continued browsing of the Website would be subject to an arbitration agreement.

13. Nor did the Website place Claimant on inquiry notice of the TOU because it failed to provide reasonably conspicuous notice of the TOU. Moreover, Claimant took no action, such as clicking a button or checking a box, that unambiguously manifested her assent to the TOU. The Terms on the Website are no more than an unenforceable browsewrap agreement.

14. When users visited the Website, Respondent immediately displayed to them a cookie pop up banner which prompted users to either "Configure" or "Accept All Cookies." The cookies pop up banner remains displayed until users make a selection on the banner. The cookies pop up banner made no mention of the Website's TOU, contained no link to the TOU, and did not require the user to manifest assent to the Terms.




(Screenshot of Ashley Furniture's Website showing cookie banner)

15. The only link to the TOU appeared in small font (identical to the surrounding font) at the bottom of the Website:




(Screenshot of Ashley Furniture's Website showing the link to the TOU at the bottom of the Website.)

16. Website users, such as Claimant, who clicked the "Configure" button on the cookies banner to indicate their choice and/or agreement to manage cookies were directed to an additional "Privacy Preference Center" window. This window, like the cookies popup banner, made no mention of the TOU. On that window, users could click "Reject All" cookies as shown in the screenshot below:




17. After clicking "Reject All" in the Privacy Preference Center window, users could then continue to browse the Website, as the cookie pop up banner and Privacy Preference Center window disappeared.

18. The link to the TOU itself at the bottom of the Website is not conspicuous. It is not, for example, in a different color, font or size from the surrounding text. Nor is it highlighted or emboldened relative to its surrounding text. Instead, it is very small and much less conspicuous than the images and text elsewhere on the Website. Moreover, it is not available on the Website when a user first visits; rather, they must scroll down to find it with no forewarning of being bound by the Terms.

19. Respondent never required Claimant to manifest consent to the TOU; it purports to bind users to the TOU simply by their continued use of the Website, which is legally insufficient even if the notice had been conspicuous.

**B. Claimant's Experiences**

20. During the last year, Claimant visited the Ashley Furniture Website to browse products.

21. When Claimant visited the Ashley Furniture Website, the Website immediately presented her with Respondent's cookie pop up banner as it appeared at the time.

22. Consistent with her typical practice in rejecting cookies and/or the sale of her personal data, Claimant selected and clicked the "Configure" button. Claimant was then presented with Respondent's Privacy Preference Center window then in effect at the time. Claimant clicked "Reject All," giving Respondent notice that she did not consent to the use or placement of third-party cookies. Further, Claimant specifically rejected those cookies that would enable the sale or sharing of her personal data. In reliance on these representations and promises, only then did Claimant continue browsing the Website.

23. Claimant did not see the TOU link—or the actual TOU—on the Website prior to rejecting all cookies, or at any point thereafter. Moreover, Claimant could not have seen the link to Respondent's TOU prior to clicking "Configure" and "Reject All" in the Privacy Preference Center because the TOU is hidden in small font at the very bottom of the Website.

**CAUSE OF ACTION**

**Declaratory Judgment that the Underlying Dispute is Not Subject to Arbitration**

24. Claimant realleges and incorporates the paragraphs of this Complaint as if set forth herein.

25. The Ashley Furniture Website's TOU purports to require arbitration of any and all disputes and to waive users' rights to bring a legal action, including a class action, in court. In particular, the TOU states the following:

**Arbitration and Class Waiver**

> **Except for small claims actions, which may be brought by either you or us, you agree to binding individual arbitration before the American Arbitration Association, which shall be governed by the Federal Arbitration Act. You agree that you are giving up your right to a jury trial, and that any dispute resolution proceedings will be conducted on an individual basis and not as a class or representative basis.** Proceedings may not be combined without the consent of all parties. If your arbitration is party of a group of Related Cases (as defined in our dispute resolution process ("DRP"), which can be found at www.ashleyfurniture.com/drp), you agree to certain batch arbitration procedures. You acknowledge that you had the ability to review the DRP, and that you are bound thereby even if you have not read it.

TOU, p. 4, ¶ 3 (*See* Appendix A).

26. The DRP[2] states the following:

> **I. Dispute Resolution Process**
>
> Thank you for being a customer at Ashley.com, the Ashley mobile app, or one of our retail stores. As used in this Dispute Resolution Process, "we," "us," or "our" refers to Ashley Global Retail, LLC and/or Stoneledge Furniture, LLC and the affiliates, owners, or representatives thereof. This Dispute Resolution Process governs any and all claims relating in any way to your purchase of any products or services sold or distributed by us, your interactions at our retail stores, the use of our Ashley.com website and our mobile apps, our Terms of Use, and our privacy policy and practices (each a "Claim" and collectively, the "Claims"). The terms of this Dispute Resolution Process replace any prior version of the Dispute Resolution Process in effect between you and us.
>
> **You agree to waive participation in a class action.**
>
> **II. Informal Resolution**
>
> You and we agree that good faith informal efforts to resolve claims often can result in a prompt, low-cost and mutually beneficial outcome. Before filing any Claim, you must first send an individualized Notice of Dispute to Ashley Global Retail, Attn: Legal Department – Customer Dispute, 1670 E. 8th Avenue, Tampa, FL 33605. The Notice of Dispute must contain all of the information requested in the sample available here: Download Notice of Dispute Here. We will provide the same information if we have a dispute with you. This Notice of Dispute is a prerequisite to initiating any legal proceeding. A properly completed and served individualized Notice of Dispute shall toll the Limitations Period for sixty (60) days, during which the parties shall make a good faith effort to try to resolve the dispute, including conducting a telephonic or video conference to discuss the matter if either party so requests.
>
> **III. Waiver of Jury Trial**
>
> **You and we both agree under this provision to waive our right to trial by jury of any Claim.**
>
> **IV. Waiver of Class or Consolidated Actions**

[2] Respondent's DRP terms can be viewed at https://www.ashleyfurniture.com/drp.

> **You and we each agree that any dispute resolution proceedings will be conducted only on an individual basis, and not on a class, collective, consolidated, or representative basis. You and we each agree to waive any right to assert any Claim as a representative of or member in a class or any other representative proceeding or action.**
>
> …

DRP, pgs. 1–2 (*See* Appendix B).

27. Claimant did not view, and did not have actual notice of, Respondent's TOU, including the arbitration provision contained therein.

28. The links to the TOU and DRP were inconspicuous and failed to provide reasonably prudent users such as Claimant with actual notice that her continued use of the Website would subject her to the TOU and/or DRP.

29. Respondent did not require users such as Claimant to manifest their unambiguous assent to the TOU and/or DRP by clicking a button or checking a box.

30. Claimant, therefore, had no notice, constructive or otherwise, of the TOU and/or the DRP and never assented to them.

31. Because Claimant did not assent to the Terms, Claimant is entitled to, and seeks, a declaration that the arbitration provision and class action waiver contained in the TOU and the DRP are unenforceable and that the underlying dispute described herein is not subject to arbitration.

## PRAYER FOR RELIEF

**WHEREFORE**, reserving all rights, Claimant respectfully requests judgment against Respondent as follows:

32. An order declaring that Claimant did not assent to Respondent's TOU or DRP and that the underlying dispute described herein is not subject to arbitration;

33. For reasonable attorneys' fees and the costs incurred; and

34. For such further relief as may be just and proper.

Dated: November 5, 2025

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Claimant*

# EXHIBIT B

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

120 Broadway
Floor 21 – Intake
New York, NY 10271
Telephone: (856)435-6401

November 20, 2025

Seth Safier
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111-9411
Via Mail

Ashley Global Retail, LLC d/b/a Ashley Furniture
1670 E 8th Ave. | Tampa, FL 33605
Tampa, FL 33605
Via Email to: Ramicone@AshleyFurniture.com

Case Number: 01-25-0005-4952

Megan Driscoll
-vs-
Ashley Global Retail, LLC d/b/a Ashley Furniture

Dear Parties:

Before the filing of this arbitration, Ashley Global Retail, LLC d/b/a Ashley Furniture failed to comply with the American Arbitration Association's (AAA) policies regarding consumer claims, set forth in the Consumer Due Process Protocol and the Consumer Arbitration Rules, including the Costs of Arbitration, and/or removed themselves from the Consumer Clause Registry, which can be found on our website, www.adr.org/clauseregistry. Therefore, **we must decline to administer this claim and any other claims between this business and its consumers at this time.**

**We have administratively closed our file and will refund any payment received by the filing party**. According to R-10(b) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

For a previously declined AAA matter, the Claimant may proceed in the appropriate court per R-10(b) of the Consumer Rules. However, the AAA will administer the previously declined matter if, at the Claimant's sole discretion, the Claimant chooses to re-file their claim with the AAA. The AAA will follow any court order regarding how the arbitration should proceed.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed three months after the date of this letter.

If you believe we have declined this matter in error, please email ConsumerFiling@adr.org.

Sincerely,
/s/
Consumer Filing Team
Email: ConsumerFiling@adr.org

Fax: (877)304-8457

cc:
Kali R. Backer, Esq.
Marie A. McCrary, Esq.